IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PAMELA J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-4230-CV-C-GAF |
| | ) | |
| THE CURATORS OF THE | ) | |
| UNIVERSITY OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Defendants the Curators of the University of Missouri ("MU"), Ralph Lawrence Dessem ("Dessem"), James R. Devine ("Devine"), and Lee Henson's ("Henson") (collectively "Defendants") Motion for Sanctions, to Compel, and for Expenses and Fees Related to this Motion. (Doc. #15). Defendants ask the Court to levy sanctions against *pro se* Plaintiff Pamela J. Smith ("Plaintiff") for "failure to comply with the Court's January 14, 2009 Order; to compel Plaintiff to follow the Court's January 14, 2009 Order, and to respond to Defendant MU's written discovery requests; and to grant Defendants their expenses, including attorneys' fees, related to this Motion." *Id.* Specifically, Defendants request that the Court "prohibit Plaintiff from pursuing state common law claims against Defendants Dessem, Devine, and Henson" for failure to specify which claims she is asserting against each Defendant. *Id.* Further, Defendants request that the Court "compel Plaintiff to provide written assurance that she will supply her Rule 26(a)(1) disclosures by a date certain, and to provide responses to MU's First Interrogatories and First Requests for Production to Plaintiff." *Id.* For the reasons set forth below, Defendants' Motion is GRANTED.

1

## DISCUSSION

**1.    Facts**

Defendants recite the procedural history of this case as follows:[1]

1. On May 31, 2007, Plaintiff, a Law Professor at MU, filed Smith v. The Curators of the University of Missouri and Ralph Lawrence Dessem, Case No. 07BA-CV02487, ("Smith I") in the Circuit Court of Boone County, Missouri ("Circuit Court"), alleging, among other things, hostile work environment and retaliation based on her gender and race in violation of Title VII.

2. The claims asserted in Smith I stemmed from alleged events addressed in a Charge of Discrimination Plaintiff filed in 2005. Plaintiff received her Notice of Right to Sue in or around March 2007, after which she had 90 days to file suit. Defendants admit Plaintiff indeed filed Smith I within 90 days of receiving her Notice of Right to Sue. However, Plaintiff did not timely serve Smith I. In fact, because Plaintiff did nothing to pursue Smith I, on December 18, 2007, the Circuit Court placed Smith I on its dismissal docket, to be dismissed on January 23, 2008.

3. On January 22, 2008, Plaintiff moved for removal of Smith I from the Circuit Court's January 23, 2008 dismissal docket, claiming Defendants continued to harass her and thus rendered her unable to pursue her claims, and suggesting she did not timely receive the dismissal notice (asserting a conspiracy theory that the delay was the fault of Defendants). Thereafter, the Court continued Smith I on the active docket until August 30, 2008, notifying Plaintiff it would dismiss the matter without notice on August 30, 2008. See Circuit Court Docket Sheet, attached hereto as Exhibit 1; Plaintiffs January 22, 2008 Motion for Removal from Dismissal Docket, attached hereto as Exhibit 2.

4. Although she had not yet served Smith I, on April 25, 2008, Plaintiff filed a second lawsuit, Smith v. The Curators of the University of Missouri, et al., Case No. 08BACV02268, ("Smith II") in the Circuit Court, against MU, Dessem, Devine, and Henson. In Smith II, among other things, Plaintiff accuses Defendants of discrimination and retaliation based on Plaintiff's alleged disability.

5. Plaintiff served MU and Devine with Smith II on July 29, 2008, Henson with Smith II on July 30, 2008, and Dessem with Smith II on July 31, 2008. Thereafter, Defendants sought and obtained from the Circuit Court of Boone County, Missouri,

---

[1]Defendants identification of exhibits in their citations to the record refers to exhibits attached to Doc. #15.

an extension of time, until September 26, 2008, to answer or otherwise respond to the twenty-three page Petition Plaintiff filed in Smith II.

6. On August 28, 2008, Plaintiff moved for removal of Smith I from the Circuit Court's August 30, 2008 dismissal docket, stating that her request for summons had been misplaced by the Circuit Court Clerk's Office. See Circuit Court Docket Sheet, attached hereto as Exhibit 1; Plaintiff's August 28, 2008 Motion for Removal from Dismissal Docket, attached hereto as Exhibit 3.

7. Also on August 28, 2008, Plaintiff requested (for the first time in the more than fourteen months since the case had been on file) that summons be issued for Smith I. See Circuit Court Docket Sheet, attached hereto as Exhibit 1.

8. On or about September 4, 2008, Smith served Smith I on MU and Dessem. Thereafter, Defendants filed, in the Circuit Court, a motion to consolidate Smith I and Smith II.

9. On September 15, 2008, the Circuit Court granted Defendants' motion to consolidate Smith I and Smith II as Smith v. The Curators of the University of Missouri, et al., Case No. 07BA-CV02487.

10. On September 17, 2008, Defendants filed Notice of Removal to this Court. See Docket No.1.

11. On October 8, 2008, after obtaining an extension of time from this Court, Defendants answered Plaintiff's consolidated Petitions. See Docket No.5.

12. Pursuant to Fed. R Civ. P. 26(f), the "the parties must confer as soon as practicable" or as otherwise ordered by the Court to conduct the required planning meeting ("Rule 26(f) Conference"). See Fed. R. Civ. P. 26(f).

13. Because the Court had not yet issued an Order regarding the timing for the Rule 26(f) Conference, and in an effort to hold the Rule 26(f) Conference "as soon as practicable," Defendants' counsel contacted Plaintiff by phone on October 20, 2008, to schedule the same. At that time, Defendants' counsel and Plaintiff agreed to conduct a Rule 26(f) Conference via telephone on October 27, 2008, at 10:30 a.m.

14. Defendants' counsel called Plaintiff on October 27, 2008, at 10:30 a.m., but she did not answer. Defendants' counsel left a message to which Plaintiff never responded.

15. Defendants' counsel sent a letter to Plaintiff on October 27, 2008, requesting that Plaintiff contact Defendants' counsel at her earliest convenience to reschedule the Rule 26(f) conference. See October 27, 2008 Letter, attached hereto as Exhibit 4.

16. Plaintiff did not respond to the October 27, 2008 letter.

17. On October 29, 2008, this Court Ordered that the Rule 26(f) Conference take place not later than December 3, 2008. See Docket No.8.

18. Defendants' counsel sent letters to Plaintiff on November 6, 2008 and November 26, 2008, again requesting that Plaintiff contact Defendants' counsel at her earliest convenience to reschedule the Rule 26(f) conference. See November 6, 2008 and November 26, 2008 Letters, attached hereto as Exhibit 5. Plaintiff did not respond to Defendants' letters of November 6, 2008 and November 26, 2008. Defendants sent the letters of November 6, 2008 and November 26, 2008 via certified mail and electronic mail, in addition to first-class mail.

19. In the letter of November 26, 2008, Defendants' counsel informed Plaintiff that if she did not respond by December 1, 2008, then Defendants' counsel would submit a report to the Court on or about December 3, 2008, indicating the efforts to confer with Plaintiff and outlining Defendants' proposals related to the discovery plan. See Exhibit 5.

20. On December 3, 2008, Defendants filed Defendants' Report Regarding Attempts to Conduct Planning Meeting. Therein, Defendants described the foregoing attempts to confer with Plaintiff for the Rule 26(f) Conference, and asked the Court to Order Plaintiff to provide: (1) a list of the claims she asserts against each Defendant so each Defendant may prepare an appropriate motion to dismiss her claims; and (2) written assurance that she will supply her Rule 26(a)(1) disclosures by a date certain. Additionally, Defendants asked the Court to allow them to proceed with discovery, despite that a Rule 26(f) Conference had not taken place. See Docket No.9.

21. Defendants sent Defendants' Report Regarding Attempts to Conduct Planning Meeting to Plaintiff via certified mail and electronic mail, in addition to first-class mail. See December 3, 2008, Certificate of Service, certified mail envelope, and e-mail, attached hereto as Exhibit 6.

22. On December 4, 2008, this Court entered a Scheduling Order, setting the discovery and other deadlines Defendants proposed in Defendants' Report Regarding Attempts to Conduct Planning Meeting. See Docket No. 11.

23. On December 29, 2008, Defendants filed Defendants' Motion for Further Relief Due to Plaintiff's Failure to Participate in Rule 26(f) Conference. Therein, Defendants asked the Court to confirm the parties were free to engage in discovery, and restated their request that the Court order Plaintiff to provide: (1) a list of the claims she asserts against each Defendant so each Defendant may prepare an appropriate motion to dismiss her claims; and (2) written assurance that she will supply her Rule 26(a)(1) disclosures by a date certain. See Docket No. 12.

24. Defendants sent Defendants' Motion for Further Relief Due to Plaintiff's Failure to Participate in Rule 26(f) Conference to Plaintiff via certified mail and electronic mail, in addition to first-class mail. See December 29, 2008 Letter, attached hereto as Exhibit 7.

25. Also on December 29, 2008, MU sent to Plaintiff -- via certified mail, electronic mail, and first-class mail -- MU's First Interrogatories to Plaintiff, MU's First Request for Production to Plaintiff, and a blank notice for Plaintiff's deposition. In the cover letter, MU explained it would work with Plaintiff to find a mutually acceptable date for her deposition and asked that she provide available dates when supplying her written discovery responses. Additionally, MU asked Plaintiff to contact counsel as soon as possible to set a date by which to exchange Rule 26(a)(1) disclosures. See December 29, 2008 Letter, attached hereto as Exhibit 8.

26. On January 14, 2009, this Court entered an Order Granting Defendants' Motion for Further Relief Due to Plaintiff's Failure to Participate in Rule 26(f) Conference. The Court ordered Plaintiff to, not later than January 26, 2009, (1) supply a list specifying what claims she asserts against each particular Defendant; and (2) provide written assurance that she will supply her Rule 26(a)(I) disclosures by February 9, 2009. See Docket No. 14.

27. Defendants sent to Plaintiff on January 15, 2009 -- via certified mail, electronic mail, and first-class mail-- the Court's January 14, 2009 Order Granting Defendants' Motion for Further Relief Due to Plaintiff's Failure to Participate in Rule 26(f) Conference. See January 14, 2009 Letter, attached hereto as Exhibit 9.

28. Despite the Court's Order, Plaintiff did not provide by January 26, 2009 a list specifying what claims she asserts against what Defendants and/or written assurance she will supply her Rule 26(a)(l) disclosures by February 9, 2009. In fact, to date, Plaintiff has not provided either of these things.

29. Plaintiff's responses to MU's First Interrogatories to Plaintiff and MU's First Request for Production to Plaintiff were due on or before February 2, 2009. To date, Plaintiff has not responded to the same, and has not requested an extension of time to respond.

30. On February 5, 2009, Defendants' counsel contacted Judge Fenner's chambers to discuss the procedure for scheduling the telephone conference required by Local Rule 37.1 and the Court's scheduling order entered in this case. The Court tentatively scheduled the conference for 11:00 a.m. on February 12, 2009, and instructed Defendants' counsel to contact Plaintiff to inquire about her availability. The Court explained that if Defendants' counsel was not able to reach Plaintiff, then Defendants' counsel was to notify the Court of the same on February 6, 2009, and the Court

5

would proceed with issuing a notice for the conference to take place at 11:00 a.m. on February 12, 2009.

31. Defendants' counsel called Plaintiff on February 5, 2009. Plaintiff did not answer. Defendants' counsel left Plaintiff a detailed message about the need to schedule a telephone conference. On February 5, 2009, Defendants' counsel also sent Plaintiff a letter -- via overnight Federal Express delivery, electronic mail, and certified mail -- explaining the need to schedule a telephone conference with the Court. In the letter, Defendants' counsel explained the telephone conference would be scheduled for 11:00 a.m. on February 12, 2009 if Defendants' counsel was unable to make contact with Plaintiff by phone. Plaintiff did not respond to the letter. See Letter of February 5, 2009, attached hereto as Exhibit 10.

32. On February 6, 2009, Defendants' counsel contacted Judge Fenner's chambers to report the lack of success in contacting Plaintiff and to confirm that the telephone conference would take place at 11:00 a.m. on February 12, 2009. Judge Fenner's clerk informed counsel she had discussed the possible telephone conference with Judge Fenner's Judicial Assistant, Lisa Mitchell, and that a telephone conference would not be necessary.

33. On February 9, 2009, Defendants' counsel left a message on Plaintiff's answering machine, notifying her that the February 12, 2009 telephone conference would not take place. Defendants' counsel then sent Plaintiff a letter -- Via certified mail, electronic mail, and overnight Federal Express delivery -- notifying her that the February 12, 2009 telephone conference would not take place, and warning her Defendants planned to file the motion at hand. As of February 17, 2009, Plaintiff has not responded in any way. See Letter of February 9, 2009, attached hereto as Exhibit 11.

(Doc. #16, pp. 1-8). The Court finds Defendants recitation is substantially supported by the record.

**II.     Analysis**

Fed. R. Civ. P. 37(b)(2)(A)(ii) provides that the court in which an action is pending may prohibit a party who fails to comply with an order to provide or permit discovery "from supporting or opposing designated claims or defenses." In this case, Plaintiff has failed to comply with the Court's order that she designate which state common law claims she asserts against each Defendant.[2]

---

[2]Plaintiff asserts claims of negligence, violation of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of protected property

6

The Court agrees with Defendants' assessment that Plaintiff's unexplained failure to comply with the January 14 Order is "[c]onsistent with her ongoing failure to prosecute the claims she asserts in Smith I and Smith II." (Doc. #16).. The Court therefore finds it appropriate to preclude Plaintiff from asserting her state common law claims and, pursuant to Defendants' requests, limits her to asserting her Missouri Human Rights Act claims against Defendants Devine and Henson. With regard to Defendant Dessem, Plaintiff is limited to pursuing her Missouri Human Rights Act claims and the claims asserted in Smith I. Further, the Court reaffirms its January 14, 2009 Order and directs Plaintiff to provide Defendants' counsel with written assurance by March 19, 2009 that she will supply her Rule 26(a)(1) disclosures by April 9, 2009. Defendants are not required to supply their Rule 26(a)(1) disclosures unless Plaintiff provides the written assurance. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiff is ORDERED to pay Defendants' reasonable expenses related to filing the Motion for Sanctions, including attorneys' fees.[3]

Finally, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv), Plaintiff is ORDERED to provide answers by April 2, 2009 to Defendant MU's interrogatories and to produce the documents MU requested pursuant to Fed. R. Civ. P. 33 and 34. The Court finds Defendant MU made a good faith effort to obtain the discovery before filing this Motion and that Plaintiff has not requested any extension or provided any excuse for her failure to cooperate. Plaintiff has until March 26, 2009 to file with the Court correspondence that explains her failure to respond to Defendant MU's interrogatories and requests for production. If Plaintiff fails to file an explanation, or files an

---

interest in tenure but does not relate those claims to the individual Defendants.

[3]For purposes of determining and awarding reasonable expenses, including attorneys' fees, the Court will treat the Motion for Sanctions and the Motion to Compel as separate matters.

7

explanation that the Court deems inadequate to justify her neglect under the standards set forth in Fed. R. Civ. P. 37(a)(5)(A), Plaintiff will be required to pay Defendant MU reasonable expenses, including attorneys' fees, related to the filing of the Motion to Compel.

## CONCLUSION

For the reasons set forth above, it is ORDERED that

1. Plaintiff is precluded from asserting her state common law claims and is limited to asserting her Missouri Human Rights Act claims against Defendants Devine and Henson. With regard to Defendant Dessem, Plaintiff is limited to pursuing her Missouri Human Rights Act claims and the claims asserted in Smith I.

2. Plaintiff provide Defendants' counsel with written assurance by March 19, 2009 that she will supply her Rule 26(a)(1) disclosures by April 9, 2009.

3. Plaintiff pay Defendants' reasonable expenses related to filing the Motion for Sanctions, including attorneys' fees.

4. Plaintiff provide answers by April 2, 2009 to Defendant MU's interrogatories and produce the documents MU requested pursuant to Fed. R. Civ. P. 33 and 34.

5. Plaintiff has until March 26, 2009 to file with the Court correspondence that explains her failure to respond to Defendant MU's interrogatories and requests for production. Failure to file any correspondence or filing correspondence that does not offer adequate justification for her neglect will result in a further award of reasonable expenses and attorneys' fees to Defendant MU.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge

United States District Court

DATED:  **March 13, 2009**